## CAHN *v.* WONG TOWN ON.

### (*Circuit Court, D. California.* February 4, 1884.)

PATENTS—COMBINATION OF SEPARATE DEVICES—SUBCOMBINATION.

The fact that a device, comprising several patentable elements, has been patented as a whole, will not prevent the patentee from afterwards securing a patent for a combination of any number of the elements less than the whole, provided he appplies for it before the lesser combination has been two years in public use.

In Equity.

M. A. *Wheaton*, for complainant

J. L. *Boone, contra.*

SAWYER, J., (*orally.*) This action is upon a patent. The patent consists of lapping over two pieces of leather in making the seam of a boot or any other work of the kind, running a line of rivets along, and then a line of stitching on each side of the line of rivets, so as to make a compact, tight seam. The plea sets up that the patentee in this case, on a prior occasion, procured a patent, and that this other and prior patent is for the same thing, with the addition of a piece of India rubber inserted between the two pieces of leather. The strip of India rubber having been inserted, a line of rivets is run along with two lines of stitching, one on each side of the line of rivets, in the same manner as in the second patent. The defendant claims that the second patent is not a new invention; that it is merely a combination of a part of the elements of the first patent, or of the prior invention, and therefore that the second patent is void, as not covering

a new invention. I think, probably, that would be the case if the patentee were a different inventor—if the patentee in the prior patent had been a different person from the patentee in the second, I am inclined to think so. But the prior patentee is the same man, and doubtless if he had made the invention at the time he obtained his first patent, he might have got a patent for the subcombination, omitting one element—the slip of India rubber. And it does not appear in the plea that this second invention has been in public use or on sale for more than two years, whereby it would be abandoned to the public. The inventor failed, therefore, if he is the inventor of both at the same time, to obtain a patent for all he was entitled to. If he was the inventor at that time, he was entitled to patent the second or subcombination of elements, omitting the inserted strip of India rubber, as well as the first combining all the elements. He might, perhaps, have got a reissue covering both, if his invention of the subcombination is sufficiently indicated in the specification of the first patent; but he has chosen to obtain an independent patent for the subcombination. If he invented it at the same time with the other he might undoubtedly have obtained a patent in the first instance. I think if it was patentable with the additional element of the India rubber, the subcombination, without the addition of the India rubber, invented at the same time, would be patentable. Justice FIELD says, in the *Giant Powder Case*,[1] that this is the proper mode of proceeding when there is another invention for which an independent patent might have been obtained, but has been omitted. If he was the inventor of both he was entitled to patent both, the subcombination without the strip of India rubber, as well as the entire combination of the lapping of the leather and the intervention of a piece of India rubber to make the seam tighter, and better still in combination with the line of rivets and line of stitching on each side of it. He being the first person to invent both, I think it was patentable as to both. He doubtless did invent the subcombination as well as the entire combination at the same time. He embraced the subcombination in the last patent without the additional element intervening; and it does not appear that it was on sale for two years before the application for the last patent. I think the plea, then, should be overruled. And it so ordered

[1] 4 FED. REP. 720; 5 FED. REP. 197